UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                CASE NO: 11-35691-LMI
                                                           CHAPTER 7

PEDRO PALENZUELA

    DEBTOR
_____/

MCCORMICK 105, LLC,

    PLAINTIFF,                             ADV. CASE NO. 12-01801-LMI

vs.

Pedro Palenzeula; Unknown Spouse of Pedro Palenzuela;
Joy Palenzuela; Unknown Spouse of Joy Palezuela;
SunTrust Bank; Homeowners Association of Coral Coast, Inc.;
Drew M. Dillworth, Chapter 7 Bankruptcy Trustee of the
Estate of Pedro Palenzuela; Unknown Tenant #1;
Unknown Tenant #2,

    DEFENDANT(S).
_____/

**PLAINTIFF'S MOTION FOR ABSTENTION AND/OR REMAND**

Plaintiff, McCormick 105, LLC ("McCormick"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1334(c) and 1452(b) hereby moves this Court to abstain from hearing this adversary proceeding and/or for remand of this removed adversary proceeding to the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida (the "State Court").

**INTRODUCTION**

Defendant, Drew M. Dillworth, in his capacity as Chapter 7 Trustee, has sought to remove a State Court Action which is based exclusively on a state law cause of action, is a non-core matter and over which this Court has only "related to" jurisdiction.

For the reasons set forth below, this Court should order mandatory abstention or alternatively, order permissive abstention and/or equitably remand this proceeding to the State Court. This action involves only state law claims and the sole basis for federal jurisdiction is Debtor, Pedro Palenzuela's bankruptcy petition.

1

# FACTUAL BACKGROUND

## I. The Bankruptcy Case

1. On or about September 16, 2011, Pedro Palenzuela (the "Debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, Case No. 11-35691-LMI (the "Bankruptcy Case"). Drew M. Dillworth ("Trustee Dillworth") was appointed as the permanent Chapter 7 Trustee of the Debtor's bankruptcy estate.

2. On or about December 2, 2011, BankUnited, McCormick's predecessor in interest, filed a Motion for Relief from Automatic Stay [DE #28] in the Bankruptcy Case. On or about January 4, 2012, this Honorable Court entered an Order [DE #40] lifting the automatic stay to permit BankUnited to proceed with the foreclosure of its lien against the subject property.

3. On or about May 10, 2012, this Honorable Court entered an Order [DE #66] discharging the Debtor in the Bankruptcy Case.

4. Thereafter, on or about May 11, 2012, Trustee Dillworth, pursuant to a Bankruptcy Court Approved Settlement Agreement [DE #67], obtained an interest, via quit-claim deed from the Debtor and his spouse, Joy Palenzuela, in the subject real property.

5. On or about July 25, 2012, Trustee Dillworth filed a Notice of Removal in the United States Bankruptcy Court for the Southern District of Florida [DE #1].

## II. The State Court Action

6. On or about June 18, 2012, McCormick commenced an action in the Sixteenth Judicial Circuit, in and for Monroe County, Florida, styled McCormick 105, LLC v. Pedro Palenzuela, et al., Case No. 12-CA-695P, Uniform Case Number 442012CA000695A001PK (the "State Court Action") to foreclose a mortgage on a parcel of real property located in Monroe County, Florida (the "Property"), to wit:

> **LOT 6 SECOND CORRECTED PLAT OF CORAL COAST ACCORDING TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 7, PAGE 63, OF THE PUBLIC RECORDS OF MONROE COUNTY, FLORIDA.**
>
> **A/K/A 106 COASTAL DRIVE, KEY LARGO, FLORIDA 33037**

7. The Complaint in the State Court Action consists of only one (1) count (Mortgage Foreclosure). The claim is based upon the grounds that McCormick is the owner and holder of the Note and Mortgage on the Property and the Debtor and his spouse have defaulted under the terms of the Note and Mortgage by failing to make the payment due on May 1, 2011, and all subsequent payments thereafter.

8. Trustee Dillworth was named as a Defendant in the State Court Action and was served with McCormick's Complaint on or about June 26, 2012.

9. On or about July 16, 2012, Trustee Dillworth filed a Motion for Extension of Time to File Response to Complaint.

10. On or about July 25, 2012, Trustee Dillworth filed his Notice of Removal of Plaintiff's Complaint pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027 with the Clerk of Court for the Sixteenth Judicial Circuit, in and for Monroe County, Florida.

## ARGUMENT

Federal courts are courts of limited jurisdiction. They may only hear cases authorized by the Constitution or by the Congress. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "Removal jurisdiction is limited through strict construction of the removal statutes." *Cacciatore v. Liberty Life Assur. Co. of Boston*, 85 F. Supp. 2d 1282, 1283 (M.D. Fla. 2000). "The Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear." *In re United Container LLC*, 284 B.R. 162, 168 (Bankr. S.D. Fla. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1095 (11th Cir. 1994)).

a. **Mandatory Abstention**

Mandatory abstention is governed pursuant to 28 U.S.C. § 1334(c)(2), which provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

*28 U.S.C. § 1334(c)(2)*. Under this statute, a bankruptcy court is required to abstain from hearing a removed state court proceeding where (1) the claim has no independent basis for federal jurisdiction, other than 28 U.S.C. § 1334(b); (2) the claim is a non-core proceeding. That is, it is

3

related to a case under title 11 but does not arise under or arise in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be timely adjudicated in state court. *In re Sol, LLC*, 419 B.R. 498, 504 (Bankr. S.D. Fla. 2009); *In re United Container LLC*, 284 B.R. at 171. In the instant case, all the criteria for mandatory abstention are satisfied.

1. **The State Court Action Presents Only Florida State Law Claims.**

There is no independent basis for federal jurisdiction other than 28 U.S.C. § 1334(b). The State Court Action presents only Florida state law claims; no federal question exists. The Notice of Removal invokes federal jurisdiction based solely upon 28 U.S.C. §§ 1452 and 1334(b).

2. **The Claims in the State Court Action are Non-Core.**

The second factor required for mandatory abstention is that the claim does not "arise in" or "arise under" the Bankruptcy Code. This element is not in dispute, rather it has been conceded by Trustee Dillworth in his Notice of Removal, which is founded only on the "related to" jurisdictional prong of 28 U.S.C. § 1334(b). (DE #1 at ¶ 12) ("The District Court has jurisdiction over the State Court Litigation because it is **related to** a case under title 11") (**emphasis added**). Core proceedings are those that would exist at law in the absence of the Bankruptcy Code and would have no existence outside of a bankruptcy proceeding. *In re Davis*, 899 F. 2d 1136, 1140-41 (11th Cir. 1990).

The claims asserted in the State Court Action are garden variety state law claims. "The claims existed prior to and independent of this bankruptcy proceeding, and do not involve any substantive rights created by federal bankruptcy law. Accordingly, the claims are non-core." *In re Sol, LLC*, 419 B.R. at 504 (citing *In re Toledo*, 170 F. 3d 1340 (11th Cir. 1999)). A claim "arises under" title 11 when it invokes a substantive right created by the Bankruptcy Code, and a claim "arises in" a bankruptcy case when it is a matter that could arise only in bankruptcy. *Lennar Corp., et al. v. Briarwood Capital LLC*, 430 B.R. 253, 265-66 (Bankr. S.D. Fla. 2010). The claims in this proceeding were not created by title 11, nor do the claims arise in a case under title 11. The only remaining category of jurisdiction is "related to" jurisdiction. Claims that are "related to" a bankruptcy but that "do not arise under title 11 or arise in [a] bankruptcy case" are non-core. *In re United Container LLC*, 284 B.R. at 171.

4

3. **The Action was Commenced in State Court.**

This factor is not in dispute. (DE #1 at ¶ 2).

4. **The Action Can be Timely Adjudicated in State Court.**

The final factor required for mandatory abstention is whether the action could be timely adjudicated in state court. The phrase "timely adjudication" is not defined in the Bankruptcy Code, but "[c]ourts interpreting this phrase have not focused primarily on when the case would be tried but rather on whether allowing an action to proceed in state court will have any unfavorable effect on the administration of the bankruptcy case." *In re Sol, LLC*, 419 B.R. at 507. In evaluating whether allowing a case to proceed in state court will adversely affect the administration of a bankruptcy estate, courts have considered some or all of the following factors:

> "(1) backlog of the state court and federal court calendar; (2) status of the proceeding in state court prior to being removed (i.e. whether discovery has been commenced); (3) status of the bankruptcy case; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case; (6) whether a jury demand has been made; and (7) whether the underlying bankruptcy case is a reorganization or liquidation case."

*United Container LLC*, 284 B.R. at 174 (citing *In re Midgard Corp.*, 204 B.R. 764, 778 (10th Cir. BAP 1997)).

If bankruptcy case administration is the primary focus, the nature of the bankruptcy case is the single most important to be considered. *Id.* at 175. "… [I]n a chapter 7 case or a chapter 11 case with a confirmed liquidating plan, where the primary concern is the orderly accumulation and distribution of assets, the requirement of timely adjudication is seldom significant." *Id.* (quoting from *In re Midgard*, 204 B.R. at 779).

Under this standard, this proceeding can be timely adjudicated in the state court because there is no compelling evidence or argument that administration of the estate will be impaired by remanding the proceeding to the state court. This Court, in granting mandatory abstention in similar circumstances, has observed:

> First, a jury demand has been made, and unless all parties consent, which they have not, the bankruptcy court would be unable to try these proceedings. Second, virtually all of the issues are state court issues that the state court can resolve. Third, although the Court is not specifically finding that the proceedings will be tried more quickly in the state

5

> court, there is no doubt that the federal district court for the Middle District of Florida is a busy court and there is certainly no reason to expect the proceedings to be tried more quickly than in the state court. Finally, and significantly, there is simply no demonstrated need to bring these proceedings into federal court because of the … bankruptcy.

*United Container LLC*, 284 B.R. at 175.

Since all of the elements of 28 U.S.C. § 1334(c)(2) have been established, mandatory abstention and therefore remand to the State Court is required.

### b. Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) and/or Equitable Remand Pursuant to 28 U.S.C. § 1452(b).

Even if this Court determines that mandatory abstention is not warranted under these circumstances, it is appropriate for this Court to abstain under the permissive abstention provision of 28 U.S.C. § 1334(c)(1) or the equitable remand provision of 28 U.S.C. § 1452(b).

Courts have "broad discretion" to abstain from hearing a proceeding "in the interest of justice, or in the interest of comity with State courts or respect for the State law." *In re Ackerman, Herbst and Pliskow, M.D., P.A.*, 221 B.R. 568 (Bankr. S.D. Fla. 1998). Similarly, *28 U.S.C. § 1452(b) provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."* 28 U.S.C. § 1452(b).

Because the doctrines of equitable remand and permissive abstention are similar, courts tend to use the same factors to analyze both. *In re United Container LLC*, 284 B.R. at 176. No exclusive list exists, but courts have considered the following factors as relevant in their analysis:

(1) The effect or lack thereof on the efficient administration of the estate if a court abstains;
(2) The extent to which state law issues predominate over bankruptcy issues;
(3) The difficulty or unsettled nature of applicable law;
(4) The presence of a related proceeding commenced in state court or other non-bankruptcy court;
(5) The jurisdictional basis of the action, if any, other than 28 U.S.C. § 1334;
(6) The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
(7) The substance rather than form of an asserted "core" proceeding;
(8) The feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court;
(9) The burden of the bankruptcy court's docket;

> (10) The likelihood that the commencement of the proceeding in bankruptcy court involved forum shopping by one of the parties;
> (11) The existence of a right to a jury trial;
> (12) The presence in the proceeding of non-debtor parties;
> (13) Comity; and
> (14) The possibility of prejudice to other parties in the action.

*Lennar Corp.,* 430 B.R. at 267*; In re Sol, LLC,* 419 B.R. at 508. Of the factors to be considered for abstention, no one factor is deemed determinative and the Bankruptcy Court has discretion to give the relative weight to be afforded each factor. *In re Phoenix Diversified Inv. Corp.*, 439 B.R. 231, 246 (Bankr. S.D. Fla. 2010). A review of the facts of this case demonstrates that the factors weigh heavily in favor of equitable remand or permissive abstention.

**1. Effect of Abstention on the Efficient Administration of the Bankruptcy Estate.**

In the instant case, the Court's abstention will have little, if any, effect on the efficient administration of the bankruptcy estate. Trustee Dillworth's claim to a possible interest superior to McCormick's in the Property, if successful, would merely provide the bankruptcy estate with the opportunity to obtain additional funds for distribution to creditors. However, Trustee Dillworth has failed to provide any evidence whatsoever that would support his claim of a superior interest. Moreover, the estate's interest in the accumulation of assets does not turn a state law claim into one affecting the administration of the estate. *Lawrence Group v. Hartford Cas. Ins. Co.*, 285 B.R. 784, 788 (N.D. N.Y. 2002).

**2. The Extent to which the State Law Issues Predominate over Bankruptcy Issues.**

There are no bankruptcy law issues involved; all issues raised in the State Court Action are made exclusively under state law. The only claim asserted in the State Court Action is for Mortgage Foreclosure (pursuant to Fla. Stat. § 702, *et seq*.).

**3. The Difficulty or Unsettled Nature of Applicable Law.**

State law issues predominate in these proceedings. The difficulty or unsettled nature of the applicable state law has yet to be determined, as none of the State Court defendants have filed a responsive pleading to McCormick's Complaint. Comity for the state courts and the general principle that cases arising under state law should generally be tried in the state court

weigh in favor of permissive abstention. *In re Condra*, 212 B.R. 987, 991 (Bankr. M.D. Ala. 1997).

4. **The Presence of Related Proceeding Commenced in State Court or Other Non-Bankruptcy Courts.**

The only proceeding pending is the State Court Action.

5. **The Jurisdictional Basis, if any, Other than 28 U.S.C. § 1334.**

Courts readily remand matters where the only basis for federal jurisdiction is the filing of a bankruptcy petition. *In re Shop & Go, Inc.*, 124 B.R. 915, 916 (Bankr. M.D. Fla. 1991) (remanding and abstaining in the case where there was no federal interest in deciding the case since, [n]either the district court nor [the bankruptcy] court have any subject matter jurisdiction to adjudicate the claims alleged in the state court action other than pursuant to the court's original but not exclusive "related to bankruptcy jurisdiction".). As previously discussed, there is no independent basis for federal jurisdiction other than 28 U.S.C. § 1334, and therefore, this factor favors remand.

6. **Degree of Relatedness or Remoteness of the Proceedings to the Main Bankruptcy Case.**

The State Court Action is, at best, tangentially related to the Bankruptcy Case. When a state court proceeding sounds in state law and bears a limited connection to a debtor's bankruptcy case, abstention is particularly compelling. *Southerland v. Smith*, 142 B.R. 980, 982 (M.D. Fla. 1992); *In re Titan Energy, Inc.*, 837 F. 2d 325, 332 (8th Cir. 1988).

7. **The Substance Rather Than Form of an Asserted "Core" Proceeding.**

As previously discussed, Trustee Dillworth has already conceded that the State Court Action is only "related" to a case under title 11. Under Florida law "if a proceeding involves a right created by the federal bankruptcy law, it is a core proceeding…if the proceeding is one that could exist outside the bankruptcy it is not a core proceeding." *Continental Nat'l Bank v. Sanchez* (*In re Toledo*), 170 F. 3d 1340, 1348 (11th Cir. 1999).

8. **The Feasibility of Severing State Law Claims from Core Bankruptcy Matters to Allows Judgments to be Entered in State Court with Enforcement left to the Bankruptcy Court.**

   The only claim in the State Court Action is a state court claim. There are no core matters to be severed from the state law claim.

9. **The Burden of the Bankruptcy Court's Docket.**

   Retention of this case would needlessly burden both the Bankruptcy Court and the District Court. McCormick has not and does not consent to the Bankruptcy Court entering judgment in this non-core proceeding. In the absence of consent, the Bankruptcy Court would handle all pre-trial matters, but the matter would ultimately be tried by the District Court. This would require the District Court to first familiarize itself with the case, causing additional delay in resolving the state court claim.

10. **The likelihood that the Commencement of the Proceedings in Bankruptcy Court Involve Forum Shopping by One of the Parties.**

    There is no proof or suggestion of forum shopping by Trustee Dillworth and thus this factor is neutral.

11. **The Existence of a Right to Jury Trial.**

    McCormick does not have a right to a jury trial on its state court claim as it is an equitable action.

12. **The Presence of Non-Debtor Parties.**

    McCormick is a non-debtor party, as are the majority of defendants.

13. **Comity.**

    In the present case, where all of the issues are based solely on Florida law, and where there are no core issues for the Court to decide, there is no compelling reason for the Bankruptcy Court to maintain jurisdiction over this wholly state court proceeding. As noted in *United Container*, "when a proceeding is based on state law and bears a limited connection to a debtor's bankruptcy case, abstention is particularly compelling. *In re United Container LLC*, 284 B.R. at 177.

**14. The Possibility of Prejudice to Other Parties in this Action.**

Prejudice will result if this proceeding is not remanded. McCormick has already expended a significant amount of time and resources in prosecuting the State Court Action. If McCormick is required to start over in another forum it will unnecessarily incur additional costs and expenses. "Due to the remoteness of the claims at issue to the bankruptcy case, the non-core nature of the matter, and considerations of comity for the Florida state court, the Court finds that equitable considerations warrant remand of this proceeding to the state court." *In re Sol, LLC*, 419 B.R. at 510.

As a result of the relevant factors discussed above, this Court should permissively abstain from hearing this proceeding under *28 U.S.C. § 1334(b)(2)* and, for the same reasons, equitably remand this proceeding back to the State Court under *28 U.S.C. § 1452(b)*.

## CONCLUSION

For the reasons discussed above, Plaintiff, McCormick 105, LLC, respectfully requests that this Honorable Court abstain from hearing this proceeding and remand it to the State Court.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by first-class, U.S. mail or via the CM/ECF system of the United States Bankruptcy Court to James B. Miller, Esq., Attorney for Defendant, Drew M. Dillworth, Chapter 7 Bankruptcy Trustee of the Estate of Pedro Palenzuela, and all other interested parties on this 13th day of August, 2012.

Respectfully Submitted,

**August 13, 2012**  /s/ David H. Haft
Dated   David H. Haft 68992
    Attorney for McCormick 105, LLC
    Law Firm of Gary M. Singer, PA
    4577 Nob Hill Road, Suite 206
    Sunrise, FL 33351
    954-851-1448
    Email: david@garysingerlaw.com